IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| TIM DUNCAN AND CELIA DUNCAN | ) ) ) |
| PLAINTIFFS, | ) ) ) |
| vs. | ) CAUSE NO.SA-13-CA1059-DAE ) |
| THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR CERTIFICATEHOLDERS OF THE CWABS, INC ASSET-BACKED CERTIFICATES, SERIES 2005-3, ("BONY") BANK OF AMERICA, N.A. | ) ) ) ) ) ) ) |
| DEFENDANTS | ) ) ) ) |

## CORRECTED PLAINTIFFS' RESPONSE TO DEFENDANTS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Plaintiffs now file a corrected response to the Defendants Motion to Dismiss the Amended Complaint ("FAC") that is pending before the court in the matter of Tim and Celia Duncan v. The Bank of New York Mellon, F/K/A The Bank of New York As Trustee for Certificate Holders Of The CWABS, Inc. Asset-Backed-Certificates, Series 2005-3, ("BONY") BANK OF AMERICA, N.A, ("BOA") ( collectively "Defendant")

## DISCUSSION

Plaintiffs complained that the Defendant Bank of America, ("BOA") as servicer to Plaintiffs loan, never intended to fully consider nor execute a modification under the Federal guidelines that we alleged eligibility and qualification for. Plaintiffs are by no means alleging that the bank "owed" them a modification. But we at least deserved an honest, forthright appraisal as to **whether we did or did not** qualify for the modification. The defendants point out in the motion to dismiss for failure to state a claim that apparently, we cannot establish a Texas Deceptive Trade Practice Act violation because we are not "consumers" under the definition of the term.

Plaintiffs allege that if it was not deception, surely it was a misleading, fraudulent "lack of good faith" application to our request for modification consideration, evidenced by the well- documented $25 Billion dollar lawsuit settlement between the Department of Justice and the five largest mortgage servicers (including Bank of America). BOA as servicer, <u>willfully and illegally</u> disallowed modifications for thousands of homeowners. Our modification request passed through the same corrupt hands during this very same time. All we wanted was a modification that we though by the letter of the program we should have qualified for. That is the crux of what our suit is about. When we are denied assistance due to evidence of illegal practices by the very company that we thought would "service" our mortgage loan and extend a helping hand in time of hardship, we learn instead that routinely and without proper consideration we, like many other homeowners were abused  and summarily denied assistance.

The laws of the state of Texas seem to go brutally harsh against a homeowner who alleges wrongdoing from the lenders and the Securitized Trust that routinely packaged together mortgage loans to be sold as stock and traded on the SEC Market. Homeowners know that the note can be sold numerous times and put into a bundle or pool of loans. But when the companies doing so do not follow the written rules of their documents in order to make their paperwork make sense, nor follow the laws that govern how they are to be applied, it leaves the homeowner, who is not an intended "third-party beneficiary" of the process damaged by "convenience assignments." Something is flat out wrong with the process. Something is, in fact flat out criminal.

With that being said, Plaintiffs have now decided to **non-suit their petition** for the following reasons.

- *First*, the Defendant's Motion to Dismiss Plaintiffs Original Petition, filed December 16, 2013 alleged that "Plaintiffs allegations are so vague that the Defendants cannot determine the cause of action against them" Or in the alternative, the Defendants requested a "more Definite Statement" as to the cause of action Plaintiffs were alleging. Plaintiffs amended the complaint to "cure the deficiencies" that the Defendants allege were present in  the lawsuit to no avail, because apparently Plaintiffs have "no standing to challenge" the post trust closing assignment of the Deed Of Trust, nor the application of the PSA in regards to New York Trust rules.

- *Second,* Plaintiffs communicated with the Defendants counsel on March 20, 2014 and spoke with Attorney Andrew G. Spaniol, about these very same issues. Afterwards, in what we believe <u>could be</u> a "show of good faith" in an attempt to avoid further litigation, defendants counsel communicated with their client to determine if the time might be favorable for a re-examination of Plaintiffs request for a modification. Plaintiffs, having received such consideration, were given the opportunity to reapply for the modification.  In light of the new federal guideline regulations that became effective Jan 2014, which includes a series of new servicing rules and guidelines mortgage servicers must follow to ensure homeowners have a fair opportunity to fight foreclosure, Plaintiffs feel that the facts of our modification application should bear out a positive result for a permanent modification and get our homeownership back on track. Because we have not been foreclosed upon and a door has been opened to the possibility of a "real modification evaluation" we decided that to non-suit our petition would be in everyone best interest at this time.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Corrected Response to the Defendants Motion to Dismiss for Failure to State a Claim is that: in light of the parties attempt to settle the controversy that is the subject matter of this litigation, The Plaintiffs will file a Motion of nonsuit pursuant to Federal Rules of Civil Procedure 41 (a) of their Amended Complaint as to all Defendants.

Respectfully Submitted,

_Tim Duncan_
Tim Duncan, *Pro Se*
14819 ByPass Point
San Antonio, TX 78247
210-884-2693

_Celia Duncan_
Celia Duncan, *Pro Se*
14819 ByPass Point
San Antonio, TX 78247
210-884-2693

## CERTIFICATE OF SERVICE

The undersigned Plaintiffs hereby certifies that a true and correct copy of the foregoing document was served to all parties via *First class mail* on April 7, 2014 as indicated below:

*Andrew G. Spaniol*
State Bar No. 24063012
Bryan Cave, LLP
2200 Ross Avenue Ste.3300
Dallas, Texas 75201
Telephone: 214721.8000
Facsimile: 214.721.8100

 

Tim Duncan, *Pro Se*
14819 ByPass Point
San Antonio, TX 78247
210-884-2693

Celia Duncan, *Pro Se*
14819 ByPass Point
San Antonio, TX 78247
210-884-2693